# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAQUAR STOKES, | Civil Action No. 21-18035 (KMW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| N.J. DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner's response (ECF Nos. 6-7)[1] to the Court's Order to Show Cause. (ECF No. 4) Having considered Petitioner's response, this Court will dismiss his petition for lack of exhaustion.

As this Court previously explained to Petitioner,

> this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] In addition to his two letters which form his response to the Court's Order to Show Cause, Petitioner also submitted a third letter expressing his distaste with the progress of his habeas petition. (ECF No. 9.) While the Court understands that Petitioner is frustrated with the circumstances of his current confinement, that frustration does not excuse Petitioner's decision to make vague threats of future, potentially racially motivated violence, nor his choice to lay the blame for this proposed future "bloodshed" at the foot of this Court. (*See* ECF No. 9 at 2.) Even vaguely expressed, such threats of violence could form a basis for further criminal prosecution under federal law. *See, e.g.,* 18 U.S.C. § 876(c) (mailing of threat of violence against another to a United States Judge carries up to a ten-year prison sentence). Should Plaintiff to choose to engage in any further threatening conduct, he will be referred to the appropriate authorities for potential prosecution.

Initially, the Court finds that Petitioner's habeas petition is not properly brought pursuant to § 2241.[2] In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), the Third Circuit held that state prisoners seeking to attack a parole decision made by a state parole board may not do so through a § 2241 petition, but must instead proceed under the more specific rubric of 28 U.S.C. § 2254, which governs habeas petitions challenging state judgments, including parole revocations. *Coady*, 251 F.3d at 484-85; *see also Neri v. Mid State*, No. 13-4555, 2014 WL 575458, at *2 (D.N.J. Feb. 11, 2014). In this matter, although Petitioner contends he is being held beyond the expiration of his sentence, his current period of detention which he seeks to challenge is the result of a parole revocation. (*See* ECF No. 1 at 2.) As such, his habeas claims must be raised via § 2254 rather than § 2241.

. . . .

While Petitioner's . . . challenge to his parole revocation *is* a potentially valid habeas claim, Petitioner may not pursue a habeas petition based on such a claim unless and until he fully exhausts that claim in state court proceedings, a requirement of which Petitioner is certainly aware. *See Stokes v. N.J. Dep't of Corr.*, No. 20-2906, 2021 WL 1904707, at *3 (D.N.J. May 12, 2021) (dismissing Petitioner's previous challenge to a parole revocation for lack of exhaustion); *see also Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (a § 2254 habeas proceeding "cannot proceed unless all meritorious claims have been exhausted in state court"). To properly exhaust his parole revocation challenge, Petitioner is required not only to file administrative appeals, but also to appeal any adverse administrative decision to the New Jersey Appellate Division, and in turn the New Jersey Supreme Court. *Stokes*, 2021 WL 1904707 at *3; *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). According to the petition, Petitioner filed an administrative appeal of his revocation proceedings to the New Jersey State Parole Board, but that appeal remains pending at this time. (ECF No. 1 at 2-3.) Petitioner does

---

[2] In one of the letters he submitted following the Court's order to show cause (ECF No. 7), Petitioner attempts to argue that *Coady* does not apply because that is a Pennsylvania case and because he believes his parole revocation does not arise out of a state court judgment. To the extent Petitioner believes *Coady* applies only in Pennsylvania, he is mistaken. *See Neri*, 2014 WL 575458, at *2. Likewise, as Petitioner's parole revocation arises out of his criminal sentence, including the five year mandatory parole supervision term, he is also mistaken in believing that his current detention is not related to a state court judgment. As Petitioner is clearly challenging a parole revocation decision, his claim must be brought under § 2254. *Id.*

> not contend that he has appealed to the state appellate courts, and it therefore appears that his revocation claim is unexhausted at this time.

(ECF No. 4 at 1-3.)

In his response to the Court's order to show cause, Petitioner essentially admits that his claims are unexhausted, but contends that to "require [him] to exhaust his claims at the state level . . . would be completely asinine" because he believes that the Parole Board and state courts lack jurisdiction over his claims, an assertion based on his belief that the Parole Board had no jurisdiction to revoke his parole as he had already completed his custodial sentence. (ECF No. 6 at 2.) Petitioner's assertion, however, ignores the plain fact that in addition to his custodial sentence term, he was also sentenced to a five-year period of mandatory parole supervision as part of his criminal sentence, which has not yet been completed. (*See* ECF No. 6 at 7.) Regardless, even if Petitioner were correct that the Parole Board had no authority to revoke his parole supervision term, that is precisely the sort of claim the state court appellate process exists to address. In any event, even "likely futility on the merits does not excuse a failure to exhaust a claim in state court," *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005), so Petitioner's assertion that he believes state court proceedings to be asinine is based on his misunderstanding of the exhaustion requirements. Petitioner is required to exhaust his claims in state court before he can resort to a habeas petition. He has not done so. His petition must therefore be dismissed without prejudice.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution

3

of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice as such, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge